leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the judgment of the Washtenaw Circuit Court. The Court of Appeals failed to accord due weight to the findings of the Washtenaw Circuit Court, which were not clearly erroneous. See *Kropf v Sterling Hts*, 391 Mich 139, 163 (1974).

Further, the Court of Appeals erred in precluding relief based on the "self-imposed-hardship rule." The self-imposed-hardship rule applies to preclude relief in taking claims asserted by a property owner who has subdivided or physically altered the land so as to render it unfit for the uses for which it is zoned, not to cases in which the legal status of the property has been altered. See, e.g., *Johnson v Robinson Twp*, 420 Mich 115, 117 (1984); *Bierman v Taymouth Twp*, 147 Mich App 499, 506 (1985). Rather, a plaintiff who purchases property with knowledge of existing zoning regulations takes the property along with the seller's legal right to challenge those regulations. *Kropf, supra*, 391 Mich at 152. There is no legal precedent to extend the self-imposed-hardship rule to prevent a plaintiff who personally sought to conform the property's zoning classification to the municipality's master plan in the first instance from later seeking, in good faith, to rezone the property to another classification to allow a different use. Court of Appeals Nos. 278417 and 282532.

MARKMAN, J. I would grant leave to appeal to consider the Court of Appeals' application of the "self-created hardship" doctrine, *Johnson v Robinson Twp*, 420 Mich 115 (1984).

*Leave to Appeal Granted May 29, 2009:*

PEOPLE V REDD, No. 138161. The parties shall address whether the Court of Appeals erred in concluding: (1) that the trial court abused its discretion when it granted the defendant a new trial; (2) that there was no error in the admission of the police detective's repeated testimony about the defendant's failure to deny certain accusations and his act of departing from the police interview, see *People v Bigge*, 288 Mich 417 (1939); and (3) that the defendant waived any error when defense counsel expressed satisfaction with the trial court's instructions to the jury. Court of Appeals No. 283934.

BRIGGS TAX SERVICE, LLC V DETROIT PUBLIC SCHOOLS, Nos. 138168, 138179, and 138182. The applications for leave to appeal the judgment of the Court of Appeals are considered, and they are granted, limited to the issue of whether the petitioner's dispute regarding the collection of property taxes for tax years 2002, 2003, and 2004 involved a mutual mistake of fact made by the assessing officer and the taxpayer such that the three-year limitations period of MCL 211.53a applies to the petitioner's claims.

Persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae. Reported below: 282 Mich App 29.

PEOPLE V FLICK and PEOPLE V LAZARUS, Nos. 138258 and 138261. The parties shall address: (1) whether intentionally accessing and viewing